Gaston, Judge.
 

 An exception has been taken to the charge of the judge, because he instructed the jury, that if, from the evidence, they were satisfied that the defendant meant to impute to the plaintiff the crime of having stolen his hogs, and that the words used by him did, acccording to their ordinary acceptation, convey that imputation to those in whose presence they were spoken, the plaintiff had made out his case, and was entitled to a verdict. We hold that this instruction was correct. Whatever may have been the rule which prevailed in ancient times, it has long since been settled, that in actions for defamation, words are to be construed by the
 
 Courts
 
 in the plain •and popular sense in which the rest of the world naturally understand them, if the jury be satisfied that the defendant used them in the defamatory sense imputed.
 
 *276
 
 We are also of opinion, that .-the evidence offered by the defendant and rejected by the Court, with respect to the transactions between the defendant and Jones, with which transactions the plaintiff was not shown to have any connection, w'as altogether irrelevant to the matter in issue between the plaintiff and the defendant, had no tendency to explain the sense in which the defendant used the defamatory language spoken of the plaintiff, and was therefore properly rejected.
 

 Pee Curiam. Judgment affirmed with costs.